## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY PARKER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-5334** |
| | : | |
| **JULIA PARKER GREENWOOD,** | : | |
| **DIRECTOR,** *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

**GOLDBERG, J.**                                                    **MARCH 15, 2021**

Anthony Parker has filed a Complaint alleging constitutional violations against Julia Parker Greenwood, Richard Betts, Catherine L. Worman and Tammy E. Stephen.  The Defendants are identified as officials of the Lehigh County Domestic Relations Section ("LCDRS").[1]  Because Parker has been granted leave to proceed *in forma pauperis* (*see* ECF No. 5), his Complaint is subject to mandatory screening pursuant to 28 U.S.C. § 1915(e)(2).   For the following reasons, the Complaint will be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Parker will be permitted to proceed on the one claim the Court finds to be plausible as currently pled.

## I.      FACTUAL ALLEGATIONS

Parker asserts that he is involved in child support proceedings before LCDRS.  (ECF No. 2 at 2.)[2]  On December 2, 2019, a child support modification hearing was allegedly conducted

---

[1] Parker filed an earlier case, *Parker v. Lehigh County Domestic Relations Section*, Civ. A. No. 20-3655.  In a Memorandum and Order filed on October 9, 2020, the Court dismissed the case with prejudice because the Lehigh County Domestic Relations Section, as a part of the Court of Common Pleas of Lehigh County, was entitled to Eleventh Amendment immunity.  (*Id.*, 2014 WL 11430916 (E.D. Pa. Oct. 9, 2020).)  The Court permitted Parker to institute a new civil action if was able to identify a person subject to liability under § 1983 for the acts he alleged violated his constitutional rights.  Parker then filed the instant Complaint.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

without him being present.  (*Id.*)  On December 9, 2019, Parker filed Objections to the December 2, 2019 hearing.  (*Id.* at 12.)  On January 7, 2020, Defendants Julia Parker Greenwood, the Director of LCDRS, and Tammy E. Stephen allegedly refused to permit Parker to file objections to the December 2, 2019 hearing.  (*Id.* at 2.)  Parker has attached to his Complaint an unsigned and undated letter on LCDRS letterhead bearing Greenwood's name at the top and Stephen's name at the bottom that reads:

> Our office is in receipt of your Objections to Hearing held December 2, 2019.  Your objections are being returned to you.
>
> On December 2, 2019, support conferences were conducted in response to petitions for modification, which YOU filed October 29, 2019.
>
> As the moving party and having failed to appear for the support conference(s), the order entered on December 2, 2019 is a final order and cannot be appealed.

(*Id.* at 11.)  A date stamp on the letter reads "Received in Supreme Court Jan 07 2020 Middle." (*Id.*)

Parker asserts that, because he was required to do so by a court rule, he filed an appeal to the Pennsylvania Superior Court "through" LCDRS on January 20, 2020, but Greenwood and Stephen "abused authority and refused to submit an appeal" to the Superior Court.  (*Id.* at 2.)  He asserts that the two Defendants "made an illegal law that [his] objections [were] not appealable." (*Id.* at 3.)

According to Parker, Greenwood and Defendant Richard Betts have failed to follow the statutory requirements of 42 U.S.C. § 666, a federal statute providing procedures for States receiving federal money for child support programs, specifically the provisions governing the review and adjustment of child support orders.[3]  He asserts that he submitted two support orders –

---

[3] Section 666 provides that States receiving federal funds for child support programs:

apparently seeking modification of his child support obligations – on October 12, 2020 for the

same child, one order from Indiana and the other from Lehigh County, but these Defendants

"issued the order for child support outside their jurisdiction with knowledge of error but fail [sic]

---

must have in effect laws requiring the use of the following procedures, consistent with this section and with regulations of the Secretary, to increase the effectiveness of the program which the State administers under this part: . . .

(10) Review and adjustment of support orders upon request
    (A) 3-year cycle
        (i) In general
            Procedures under which every 3 years (or such shorter cycle as the State may determine), upon the request of either parent or if there is an assignment under part A, the State shall with respect to a support order being enforced under this part, taking into account the best interests of the child involved--
            (I) review and, if appropriate, adjust the order in accordance with the guidelines established pursuant to section 667(a) of this title if the amount of the child support award under the order differs from the amount that would be awarded in accordance with the guidelines;
            (II) apply a cost-of-living adjustment to the order in accordance with a formula developed by the State; or
            (III) use automated methods (including automated comparisons with wage or State income tax data) to identify orders eligible for review, conduct the review, identify orders eligible for adjustment, and apply the appropriate adjustment to the orders eligible for adjustment under any threshold that may be established by the State.
        (ii) Opportunity to request review of adjustment
            If the State elects to conduct the review under subclause (II) or (III) of clause (i), procedures which permit either party to contest the adjustment, within 30 days after the date of the notice of the adjustment, by making a request for review and, if appropriate, adjustment of the order in accordance with the child support guidelines established pursuant to section 667(a) of this title.
        (iii) No proof of change in circumstances necessary in 3-year cycle review
            Procedures which provide that any adjustment under clause (i) shall be made without a requirement for proof or showing of a change in circumstances.

42 U.S.C. § 666.

to correct.  The mother [] of the child lives in South Carolina and has lived there for over 20 years."[4]  (ECF No. 2 at 3.)  Parker alleges that all Defendants have violated 18 U.S.C. § 241, the civil rights conspiracy statute, as well as the Pennsylvania Constitution's right to redress government, by denying him the right to appeal child support orders.  (*Id.* at 3-4.)  Defendant Worman also allegedly improperly certified arrearages in Parker's child support payments.  (*Id.* at 4, 14 (Certification of Arrearage).)  Defendant Betts allegedly led a telephone hearing for modification of child support in which he "refused to explain 2 court orders for [the child's mother] and how jurisdiction obtained while [the child's mother] lives in South Carolina for 20 years.  He further denied providing the full name of [an attorney] who attended the hearing representing the Defendants."  (*Id.* at 4.)  Parker asserts that Greenwood, as Director of LCDRS, is vicariously liable for the acts of the agency's employees.  (*Id.*)

Parker purports to bring three claims against the Defendants.  In his First Cause of Action, he cites Article I, Section 8 of the United States Constitution, specifically the clause providing Congress with the enumerated power to establish courts inferior to the Supreme Court, as well as "Subchapter C. Jurisdiction of the Superior Court Sec. 741."[5]  (*Id.* at 5.)  He alleges that Stephen violated these provisions by denying his request to appeal the result of the child support

---

[4] Although it is far from clear, the Court interprets this statement as an allegation that Parker sought a modification of his child support obligation order originally issued in Lehigh County because the mother of the child no longer resided in Pennsylvania.

[5] Parker appears to reference 42 Pa. Cons. Stat. § 741.  That section states:

> The Superior Court shall have no original jurisdiction, except in cases of mandamus and prohibition to courts of inferior jurisdiction where such relief is ancillary to matters within its appellate jurisdiction, and except that it, or any judge thereof, shall have full power and authority when and as often as there may be occasion, to issue writs of habeas corpus under like conditions returnable to the said court.

modification hearing and Greenwood is vicariously liable as her supervisor.  (*Id.*)  In his Second

Cause of Action, Parker cites:  (1) Article III, Section 2 of the United States Constitution,

establishing the appellate jurisdiction of the United States Supreme Court, Article I; (2) Section

11 of the Pennsylvania Constitution, providing for suits against the Commonwealth; and (3)

"Subchapter C. Jurisdiction of the Superior Court Sec. 742,"[6] providing the appellate jurisdiction

of the Pennsylvania Superior Court.  (*Id.*)  This claim is also based on Defendants' alleged refusal

to process his appeal, and Defendant Greenwood and Betts allegedly failing to follow the

provisions of § 666.  (*Id.* at 6-7.)  Parker's Third Cause of Action alleges a violation of § 241 based

on an alleged conspiracy among the Defendants to interfere with his appeal, violate § 666, and

issue child support orders for a mother residing outside the Commonwealth.  (*Id.* at 7-8.)

## II.    STANDARD OF REVIEW

Because Parker has been granted leave to proceed *in forma pauperis*, 28 U.S.C. §

1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v.

McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the

complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

---

[6] This reference appears to be to 42 Pa. Cons. Stat. § 742, providing

> The Superior Court shall have exclusive appellate jurisdiction of all appeals from
> final orders of the courts of common pleas, regardless of the nature of the
> controversy or the amount involved, except such classes of appeals as are by any
> provision of this chapter within the exclusive jurisdiction of the Supreme Court or
> the Commonwealth Court.

Conclusory allegations do not suffice.  *Id.*  As Parker is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### A.   Claims for Violation of 18 U.S.C. § 241

Parker alleges claims for money damages against the Defendants based on 18 U.S.C. § 241, the federal criminal statute making it illegal to engage in a conspiracy to deprive civil rights. Criminal statutes generally do not give rise to a basis for civil liability.  *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (per curiam) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."); *Brown v. U.S. Dist. Ct. for the E. Dist. of Pa.*, Civ. A. No. 18-747 (E.D. Pa.) (Apr. 9, 2018 Order at 6 (dismissing claims under 18 U.S.C. § 1589 as "meritless and frivolous")), aff'd, 740 F. App'x 239, 240 (3d Cir. 2018) (per curiam); *Brown v. Progressive Specialty Ins. Co.*, Civ. A. No. 17-5409, 2017 WL 6210283, at *1 (E.D. Pa. Dec. 7, 2017) ("[F]ederal criminal statutes generally do not provide a basis for civil liability."), aff'd, No. 18-1005, 2019 WL 1422895 (3d Cir. Mar. 29, 2019).

More specifically, federal courts have consistently held that 18 U.S.C. § 241 does not give rise to a private right of action.  *See, e.g., United States v. Philadelphia*, 644 F.2d 187 (3d Cir.

1980) (declining to create civil remedy under 18 U.S.C. §§ 241 and 242); *Molina v. City of Lancaster*, 159 F. Supp. 2d 813, 818 (E.D. Pa. 2001); *Figueroa v. Clark*, 810 F. Supp. 613, 615 (E.D. Pa. 1992).  Because a plaintiff cannot bring criminal charges against defendants through a private lawsuit, and this section does not give rise to a civil cause of action, Parker's claims for violation of § 241 are not plausible and will be dismissed with prejudice.

### B.    Claims under the Pennsylvania Constitution for Damages

Parker also purports to bring claims under the Pennsylvania Constitution.  However, as there is no private right of action for damages under the Pennsylvania Constitution, these claims are dismissed as legally frivolous.  *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a private right of action for damages under the Pennsylvania Constitution"); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution.").

### C.    Due Process Claims

The Court understands Parker's references to Article I, Section 8 and Article III, Section 2, 42 U.S.C. § 666, as well as his references to state statutes concerning the jurisdiction of the Pennsylvania Superior Court, as asserting a constitutional claim that his due process rights were violated when the Defendants allegedly interfered with his ability to object to the result of the December 2, 2019 modification hearing.  He may also be asserting a due process claim based on his belief that the Lehigh County officials lacked continued jurisdiction over the child support case because the mother of the child no longer resided there.

Assessing a due process claim requires the Court to determine "whether the asserted individual interests are encompassed within the [F]ourteenth [A]mendment's protection of 'life,

liberty, or property'; [and] if protected interests are implicated, [the Court] must decide what procedures constitute 'due process of law.'" *Robb v. City of Philadelphia,* 733 F.2d 286, 292 (3d Cir. 1984). Thus, to state a claim under § 1983 for a state actor's failure to provide procedural due process, a plaintiff must allege: (1) an interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property; and (2) that the procedures available to the plaintiff did not provide due process of law. *Alvin v. Suzuki,* 227 F.3d 107, 116 (3d Cir. 2000). With respect to the second prong, procedural due process ordinarily requires that the governmental deprivation of life, liberty or property be preceded by notice and opportunity to be heard. *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428 (1982).

### 1.      Lack of Jurisdiction

To the extent Parker's due process claim can be understood to be based on an assertion that the Defendants lacked jurisdiction over his child support obligation case because the mother of his child no longer resided in Lehigh County, Pennsylvania, that claim is not plausible.   The Pennsylvania Domestic Relations Code provision governing support orders states:

§ 4352. Continuing jurisdiction over support orders

(a) General rule.—The court making an order of support **shall at all times maintain jurisdiction of the matter for the purpose of enforcement of the order and for the purpose of increasing, decreasing, modifying or rescinding the order** unless otherwise provided by Part VIII (relating to uniform interstate family support) or VIII–A (relating to intrastate family support) without limiting the right of the obligee, or the department if it has an assignment or other interest, to institute additional proceedings for support in any county in which the obligor resides or in which property of the obligor is situated.

23 Pa. Cons. Stat. § 4352(a) (emphasis added); *see also* Pa. R. Civ. P. 1910.17.  Because the statute provides for continuing jurisdiction in Lehigh County, Parker's due process claim based on lack of jurisdiction over his child support obligation case is not plausible and will be dismissed with prejudice since any attempt at amendment would be futile.  *See Grayson v. Mayview State Hosp.,*

293 F.3d 103, 108, 110 (3d Cir. 2002) (district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile.").

### 2.      Interference with Objections

Parker also seems to allege that his due process rights were violated when Defendants allegedly refused to permit him to file objections to the December 2, 2019 hearing.  As noted, Parker received an unsigned letter date stamped January 7, 2020 from LCDRS bearing Greenwood's name at the top and Stephen's name at the bottom, stating that, because Parker failed to appear at the December 2, 2019 hearing, the order that resulted therefrom was a final order that could not be appealed.

Child support proceedings in Pennsylvania, although conducted with less formality before LCDRS rather than as a court proceeding before a judge of the Court of Common Pleas, are nonetheless governed by the Pennsylvania Rules of Civil Procedure.  Rule 1910 governs the type of Office Conferences used for these proceedings.  Notably, the Rule provides that these Conferences may proceed if, like here, a party fails to appear.  Pa. R. Civ. P. 1910.11(b).  The January 7, 2020 unsigned letter noted that Parker failed to appear at the Conference even though he himself had asked for the Conference to be convened.  Further, the Rule provides:

> (2) **If either party**, having been properly served, **fails to attend** the conference, **the court may enter an interim order** calculated in accordance with the guidelines and substantially in the form set forth in Rule 1910.27(e).  **Within twenty days after the date of receipt or the date of mailing of the interim order, whichever occurs first, either party may demand a hearing before a hearing officer.  If no    hearing    is    requested,    the    order    shall    become    final.**

Pa. R. Civ. P. 1910.12 (emphasis added).  On December 9, 2019, Parker filed Objections to the December 2, 2019 hearing.  Since it appears that Parker filed timely objections, and the rule makes clear that even if a party does not appear that party may still do so, this aspect of Parker's due

process claim will be served for a responsive pleading upon Defendant Stephen, the person Parker alleges interfered with his ability to file his objections.

However, to the extent that Parker also asserts liability against Defendant Greenwood – either because her name is on the letterhead or because she is the official in charge of LCDRS – this would not state a plausible claim.  Greenwood cannot be held vicariously liable for a due process violation committed by another.  *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to [] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  Rather, there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates."  *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015).  First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*  Because Parker does not allege that Greenwood created a policy with deliberate indifference to his rights or personally participated in generating the January 7 letter, the sole allegation that she is the Director of LCDRS is, accordingly, insufficient to state a plausible due process claim.

### 3.    Violation of § 666

The only other due process allegations against Defendant Greenwood, and possibly against Defendant Betts, are that she along with others, failed to follow the provisions of 42 U.S.C. § 666.

The mere conclusory allegation that Greenwood failed to follow § 666 is also not sufficient to state a plausible claim. *See Iqbal*, 556 U.S. at 678.  Moreover, § 666 does not create an individual right and, thus, is not enforceable under § 1983.  *See Myers v. Sara Lee Corp.,* Civ. A. No. 08-1421, 2009 WL 10706711, at *4 (E.D.N.Y. Apr. 13, 2009) ("This court finds that, pursuant to *Blessing v. Freestone*, 520 U.S. 329 (1997)], there is no private right of action under 42 U.S.C. § 666."); *Cutts v. Berry*, Civ. A. No. 06-41, 2006 WL 8459116, at *4 (E.D. Mo. Oct. 19, 2006) (analyzing whether § 666 creates an individual cause of action); *see also Taylor v. Montgomery Cty., Ohio Child Support Enf't Agency*, Civ. A. No. 18-272, 2019 WL 2026748, at *1 (S.D. Ohio May 8, 2019) ("Courts have held that 42 U.S.C. § 666 does not create a private right of action and, accordingly, the undersigned liberally construes Plaintiff's complaint to, instead, assert claims under § 1983."), *report and recommendation adopted*, 2019 WL 3891890 (S.D. Ohio Aug. 16, 2019).  Accordingly, all claims for violation of § 666 are dismissed as not plausible.

### 4.      Defendant Betts

Defendant Betts allegedly led a telephone hearing for modification of child support in which he "refused to explain 2 court orders for [the child's mother] and how jurisdiction obtained while [the child's mother] lives in South Carolina for 20 years.  He further denied providing the full name of [an attorney] who attended the hearing representing the Defendants." (*Id.* at 4.)  In other words, it appears that Betts was the hearing officer who conducted a hearing in Parker's child support proceedings.[7]  As stated earlier, Parker may be attempting to assert a claim for violation of § 666 against Betts, but that claim would not be plausible.  In any event, as the claim against

---

[7] It appears that Betts was a hearing officer at a hearing conducted on October 12, 2020. (*See* ECF No. 2 at 4, 7.)  It is unclear if the allegation concerns the October 12 hearing or the December 2, 2019 modification conference.  If it concerns the latter, it is unclear how, if Parker failed to attend the hearing, he knows that Betts refused to explain the jurisdiction question and failed to provide the name of the attorney.  The Court nonetheless accepts these allegations as true.

Betts appears to be based upon his role as a hearing examiner, he would be entitled to quasi-judicial immunity.  See *Baquero v. Mendoza*, 828 F. App'x 137, 140 (3d Cir. 2020) ("we agree with the District Court's conclusion that defendants Tardif and Feldman are entitled to quasi-judicial immunity for their roles in implementing and enforcing child support orders"); *Lepre v. Tolerico*, 156 F. App'x 522, 525 (3d Cir. 2005) ("However, these defendants, all of whom are officers of the Domestic Relations Section of the Family Court of Lackawanna County, are entitled to quasi-judicial immunity for their actions in filing the Petition enforcing the Family Court's support order in accordance with Pennsylvania Rule of Civil Procedure 1910.25.) (citing *Gallas v. Supreme Court of Pennsylvania,* 211 F.3d 760, 772–73 (3d Cir. 2000); *Lockhart v. Hoenstine,* 411 F.2d 455, 460 (3d Cir. 1969)).  Accordingly, the claims against Betts will be dismissed with prejudice.

### 5.      Defendant Worman

Defendant Worman allegedly improperly certified arrearages in Parker's child support payments.  Parker does not explain how this action was improper or how it violated his due process rights.  Notably, he also does not assert that the information was untrue or how he was harmed by Worman's actions.  Nonetheless, the allegation against Worman derives from her implementing and enforcing a child support order.  Accordingly, she too would be entitled to quasi-judicial immunity, and the claims against her will also be dismissed with prejudice.

## IV.   CONCLUSION

For reasons stated, Parker's Complaint is dismissed in part with prejudice.  Only the claims against Defendant Stephen based on the allegation that she interfered with his ability to file his objections will be served for a responsive pleading by.  An appropriate Order follows.