IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY PARKER, *Plaintiff*, v. TAMMY E. STEPHEN, *Defendant*. | Civil Action No. 20-cv-5334 |

**MEMORANDUM OPINION**

**GOLDBERG, J.**                                                                                             **April 7, 2022**

Plaintiff Anthony Parker, pro se, brings claims for alleged violations of his constitutional rights in connection with a family court proceeding that took place in the Domestic Relations Section of the Lehigh County Court of Common Pleas. Following an order partially dismissing Plaintiff's Complaint sua sponte, the one remaining Defendant is Tammy Stephens, a court employee who allegedly rejected a filing Plaintiff submitted to the court. Defendant now moves to dismiss the remaining claims against her. Plaintiff moves to amend his Complaint to add as a defendant the judge who presided over the family court proceeding. For the reasons given below, Defendant's motion will be granted and Plaintiff's motion will be denied.

**I.      FACTS**

The following facts are taken from Plaintiff's Complaint, which I give the "liberal construction" owed to pro se pleadings. Mincy v. Klem, 303 Fed. Appx. 106, 108 (3d Cir. 2008):

- Defendant Tammy Stephens is an employee of the Lehigh County Domestic Relations Section. (Compl. ¶ 1.)

- On December 2, 2019, three child support modification hearings were held without Plaintiff attending. (Id. ¶ 8.)

1

- Defendant "denied [Plaintiff's] right to file objections to the hearing held December 2, 2019." Specifically, Defendant sent Plaintiff a letter stating "[y]our objections are being returned to you" because "the order entered on December 2, 2019 is a final order and cannot be appealed." (Id. ¶ 9, Ex. 1.)

- Plaintiff filed an appeal to the Superior Court but Defendant "refused to submit an appeal to [the Superior Court] as required by law." (Id. ¶ 11.)

In a proposed amended complaint, Plaintiff seeks to allege, in addition to the above, that "Judge Michelle L. Pavlack signed 3 different INSTANT ORDERS denying [Plaintiff's] right to appeal[.]" (Proposed Amended Compl. ¶ 21.)

## II.     LEGAL STANDARD

### A.     Motion to Dismiss

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Conclusory allegations do not suffice. Id. Twombly and Iqbal's plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully." Id. Plausibility requires "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of a claim." Phillips v. County. Of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

To determine the sufficiency of a complaint under Twombly and Iqbal, a court must (1) "take note of the elements a plaintiff must plead to state a claim"; (2) identify the allegations that are not entitled to the assumption of truth because they are no more than conclusions; and (3) "where there are well-pleaded factual allegations, … assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Burtch v. Millberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (alterations omitted). Courts must construe the allegations in a complaint "in the light most favorable to the plaintiff." Id. at 220.

When deciding a motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014).

### B. Motion to Amend

"A party may amend its pleading once as a matter of course within[] … 21 days after serving it, or[,] … if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]f a plaintiff requests leave to amend a complaint vulnerable to dismissal before a responsive pleading is filed, such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

## III. DISCUSSION

### A. Motion to Dismiss

Defendant asks that Plaintiff's claims against her be dismissed because, as a court employee, she is immune from suit over actions that were part of the judicial process.

#### 1. Judicial Immunity

Under the doctrine of judicial immunity, "a judge is immune from a suit for money damages." Mireles v. Waco, 502 U.S. 9, 9 (1991). The immunity extends to individuals who are not judges but who "function[] as integral parts of the judicial process." McArdle v. Tronetti, 961 F.2d 1083, 1084 (3d Cir. 1992). The following are examples of individuals entitled to judicial immunity:

3

- A deputy court administrator who handled a request from a member of the public for a document that was allegedly improperly granted. Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772-73 (3d Cir. 2000).

- A prothonotary who refused to accept papers for filing, allegedly in violation of the filer's civil rights. Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969).

- Officers of the Domestic Relations Section of the Family Court of Lackawanna County who filed a petition enforcing the court's support order. Lepre v. Tolerico, 156 F. App'x 522, 525 (3d Cir. 2005).

When an individual is protected by judicial immunity, all suits for money damages are barred other than in two limited exceptions: First, a "judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." Mireles, 502 U.S. at 11. Second, a "judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 12.

However, "judicial immunity is not overcome by allegations of bad faith or malice[.]" Id. at 11. Nor is judicial immunity affected by allegations that the defendant acted in error or in excess of authority. Id. at 12-13. That includes, for example, an allegation that the defendant issued an order that violated the plaintiff's constitutional rights. See id. (allegation that judge ordered use of excessive force did not overcome judicial immunity).

2. Application to Defendant Stephens

Defendant Stephens is alleged to be an employee of the Lehigh County Domestic Relations Section, which is part of the Court of Common Pleas of Lehigh County. (Complaint ¶ 1; March 15, 2021 Opinion at n.1.) She is further alleged to have denied Plaintiff an opportunity to file objections to a hearing regarding Plaintiff's child support obligations. Specifically, Plaintiff refers to a January 7, 2020 letter in which Stephens stated that Plaintiff's objections were being "returned" to him because the order he objected to was final and unappealable. (Complaint ¶ 9, Ex. 1.) Receiving court filings and accepting or rejecting them is an integral part of the judicial

process. See Lockhart, 411 F.2d at 460. Defendant is therefore entitled to immunity in connection with this act. Id.

The allegations in Plaintiff's Complaint further show that neither exception to judicial immunity applies. Defendant is alleged to have acted within, not outside, her judicial capacity, and rejecting a filing directed to the Domestic Relations Section is not alleged to be completely outside Defendant's jurisdiction. Plaintiff's only response is that Defendant was not authorized to deny him the right to appeal. However, an act being not authorized creates no exception to judicial immunity. Mireles, 502 U.S. at 12-13.

Because Defendant is entitled to judicial immunity, I will grant her motion to dismiss.

### B.     Motion to Amend

Plaintiff seeks to amend his Complaint to add as a defendant Judge Michelle Pavlack. A court "must grant leave to amend before dismissing a pro se civil rights complaint, even if the plaintiff does not request it, unless amendment would be futile or leave to amend is not warranted for some other reason." Tate v. Morris County Prosecutor's Office, 284 Fed. Appx. 877, 879 (3d Cir. 2008).

Plaintiff alleges Judge Pavlack issued certain erroneous orders. Issuing orders is a judicial act for which Judge Pavlack is immune. Mireles, 502 U.S. at 9. Plaintiff's proposed amendment is therefore futile, and I will deny his motion. See Grayson, 293 F.3d at 108.

### IV.    CONCLUSION

For the reasons set out above, I will grant Defendant's Motion to Dismiss and deny Plaintiff's Motion to Amend.

An appropriate order follows.